IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **DRUE ALLEN HOLLIS, I,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00213-O-BP |
| | § | |
| **TARRANT COUNTY,** | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is *pro se* Plaintiff Drue Hollis's Complaint, filed February 28, 2023. ECF No. 1. The same day, Hollis's case was automatically referred to the undersigned pursuant to Special Order 3. ECF No. 4. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this case **WITHOUT PREJUDICE** to refiling for failing to comply with the sanction order previously imposed against Hollis.

Hollis has filed another complaint against Tarrant County. He is no stranger to the judicial system, having filed multiple lawsuits in this Court over the past year and a half. In two previously dismissed cases, Hollis sued Tarrant County, the same defendant in this case, for violations of the Balanced Budget and Emergency Deficit Control Act of 1985 and the Texas Mental Health Code, seeking $6,308,130,000,990.00 and $700,000, respectively, in damages. *See* ECF Nos. 1, 22 in No. 4:21-cv-01142-O-BP; ECF No. 1, 52 in No. 4:22-cv-00459-O-BP. *See also Hollis v. Webber*, No. 4:21-cv-1150-P (dismissed without prejudice under Fed. R. Civ. P. 41(b)) and No. 4:22-cv-413-P (dismissed without prejudice); *Hollis v. Webber*, *et al.*, No. 4:22-cv-32-O (dismissed with prejudice under 28 U.S.C. § 1915, including claims against Tarrant County); *Hollis v. Sweetwater*,

No. 4:22-cv-cv-432-O (dismissed with prejudice under 28 U.S.C § 1915); *Hollis v. Rousch*, No. 4:22-cv-608-P (dismissed with prejudice under 28 U.S.C § 1915).

On December 12, 2022, United States District Judge Mark T. Pittman dismissed *Hollis v. Eyes on Camp Bowie, P.A.*, No. 4:22-cv-01043-P, in which Hollis demanded $20,000,000 from the supplier of his contact lenses for alleged violations of the Copyright Act and 42 U.S.C. § 1975. *See* No. 4:22-cv-01043-P, ECF Nos. 16, 1 at 1. In that case, Hollis also demanded that he be permitted to withdraw the $20,000,000 from the Court's Registry to pay his claim. *Id.*, ECF No. 3. In dismissing Hollis's suit under 28 U.S.C. § 1915, Judge Pittman also found that Hollis was a vexatious litigant and sanctioned him by requiring that he obtain leave of court before filing any additional complaints in this Court. *Id.*, ECF No. 15 in No. 4:22-cv-01043-P. On February 28, 2023, Hollis filed this case without following Judge Pittman's Order to obtain leave of court before filing.

Courts possess the inherent power to "protect the efficient and orderly administration of justice and… to command respect for the court's orders, judgments, procedures, and authority. *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993). The undersigned can take judicial notice of Hollis's litigation record and the sanctions imposed on him in this same Court. Fed. R. Evid 201(b)(2) and (c)(1); *see Sparkman v. Charles v. Schwab & Co.,* 336 F. App'x 413, 415 (5th Cir. 2008). Hollis was on notice that Judge Pittman's Order could be used to limit Hollis's ability to file a new lawsuit without obtaining express written permission to file it. ECF Nos. 9, 15 in No. 4:22-cv-01043-P. There is no indication in the record that Hollis has obtained the required judicial permission to file this case.

For the foregoing reasons, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** this action **WITHOUT PREJUDICE** to refiling for failing to comply with the sanction that Judge Pittman previously imposed against Hollis.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on March 3, 2023.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE